IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL N.B. ATTAWAY,**  **Plaintiff,**  v.  **RYAN HUGHES, JOHN DOE #1, JOHN DOE #2, LATOYA HUGHES, and JOHN/JANE DOE,**  **Defendants.** | Case No. 24-cv-1454-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Micheal N.B. Attaway, who at the time he filed his Complaint was an inmate in the Illinois Department of Corrections, brought this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On June 6, 2024 Plaintiff filed his Complaint against staff at Shawnee Correctional Center (Doc. 1). Although his Complaint indicated that he was housed at Shawnee Correctional Center, Plaintiff contacted the Court to indicate that he had been released from custody but failed to immediately update his address (Doc. 5). On June 20, 2024, mail sent to Plaintiff at Shawnee was returned, further confirming that he had paroled from IDOC custody and failed to update his address (Doc. 6).

On July 16, 2024, the Court entered a Notice of Impending Dismissal due to Plaintiff's failure to update his address (Doc. 8). Plaintiff was ordered to update his address within fourteen (14) days or face dismissal of his claims. In response to the Order,

1

Plaintiff filed a change of address, noting his current address in Chicago, Illinois (Doc. 10). But on November 13, 2024, the Court learned that in the majority of his pending cases in this district, which included 22 pending cases, Plaintiff had ceased participating, resulting in the dismissal of several cases (Doc. 13). As a result of Plaintiff's presumed abandonment of his cases, Plaintiff was directed to inform the Court whether or not he wished to continue to proceed with his Complaint (*Id*.). His deadline to respond was December 4, 2024 (*Id*.). Plaintiff failed to respond and on December 10, 2024, the Court dismissed Plaintiff's case with prejudice and entered judgment (Docs. 14, 15). On January 21, 2025, the filings sent to Plaintiff's identified address were returned to the Court because he no longer lived at the address listed and the post office was unable to forward (Doc. 16).

On March 31, 2025, Plaintiff filed his Motion to Vacate Clerk's Judgment (Doc. 17) as well as a Response to the Show Cause Order (Doc. 18) and a Motion to Change Venue (Doc. 19). Plaintiff argues that since his release from prison in June 2024, he has struggled with financial hardship which limited his ability to participate in his numerous cases (Doc. 17, p. 1). His response to the Court's previous Order to Show Cause indicates that he struggled with his basic needs such as housing and food, and had limited resources to participate in his cases (Doc. 18, p. 1). Plaintiff also alleges that he never received the Court's notice directing him to file his consent or declination to consent to magistrate judge jurisdiction (Doc. 7), the notice of impending dismissal for his failure to update his address (Doc. 8), or the Court's dismissal and judgment (Docs. 14 and 15). He asks that

the judgment be vacated and that he be allowed to proceed with his case. He also provides an updated address in Champaign, Illinois (Doc. 17, p. 2).

Although Plaintiff fails to identify a legal basis to vacate the dismissal and judgment in this case, Federal Rule of Civil Procedure 60(b) allows for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Relief under Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010).

Plaintiff argues that he was unable to "properly…maintain regular participation in [his] litigation" due to his release from prison and the financial hardship he experienced after his release (Doc. 17, p. 1). He, in essence, argues that his failure to participate in his case was due to excusable neglect. To determine if a plaintiff's neglect of a case is excusable, the Court takes into account "all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice…, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Moje v. Fed. Hockey League*, LLC, 792 F.3d 756, 759 (7th Cir. 2015). Inattentiveness to the litigation and the consistent disregard for the Court's scheduling orders does not amount to excusable neglect. *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004).

In this case, Plaintiff was informed early in the case that it was his responsibility to keep the Court updated on his whereabouts, and he was directed to inform the Court

3

of any change of address within 14 days of the change (Doc. 3). Plaintiff failed to keep the Court apprised of his whereabouts. Documents sent to him were undeliverable (Doc. 6) and the Court learned that he had been released from prison, but Plaintiff failed to provide an address (Docs. 5, 8). This led to the Court's first notice of impending dismissal, which Plaintiff now claims that he failed to receive (Doc. 8). Plaintiff did update his address and filed his consent/non-consent to magistrate judge form. But Plaintiff apparently left that address and, again, failed to inform the Court of his whereabouts. The Court's Order to Show Cause was ultimately returned because Plaintiff no longer resided at the address he provided to the Court (Doc. 16). Plaintiff continued to ignore Court directives and failed to keep the Court apprised of his whereabouts. Although Plaintiff was proceeding *pro se* in this case "*pro se* litigants do not enjoy 'unbridled license to disregard clearly communicated court orders.'" *De Falco v. Oak Lawn Public Library*, 25 F. App'x 455, 457 (7th Cir. 2001).

    Plaintiff also failed to keep track of the proceedings in this case. Although Plaintiff maintains that he had limited resources and lacked stable housing, he failed to inform the Court of these issues. He could have mailed a change of address to the Court or even contacted the Court by phone, as he had done previously (Doc. 5). Although Plaintiff claims that he never received the Show Cause Order with the required response deadlines, this was due to his continued failure to apprise the Court of his whereabouts. Further, he failed to act quickly when his case was dismissed, waiting over three months before filing his motion to vacate. His failure to update the Court on his current address or keep apprised of the status of his case does not constitute excusable neglect. Thus, his

4

motion to vacate (Doc. 17) is **DENIED**. Plaintiff's motion to change venue (Doc. 19) is **DENIED as moot**.

 IT IS SO ORDERED.

 DATED: June 23, 2025.

            */s/ Stephen P. McGlynn*
            STEPHEN P. McGLYNN
            U.S. District Judge